## RILEY v SAXTON

Ohio Appeals, 2nd Dist, Franklin Co

No 2760.   Decided Oct 15, 1937

W. B. Bartels, Columbus, for appellee.
Paul R. Gingher, Columbus, and B. B. Bridge, Columbus, for appellant.

## OPINION

By GEIGER, J.

The matter here in controversy arose as the result of a collision which occurred

between two cars, one going eastward, and the other westward, on the 3rd day of September, 1935, at a point a short distance west of Rome, on Route 40, in Franklin County.

Plaintiff alleges that she was a passenger in an automobile being driven in an eastwardly direction on the National Highway, on Route 40, when the automobile in which she was a passenger collided with one operated by the defendant, and that as a direct result of said accident she received certain injuries caused by the negligence of the defendant in the operation of his automobile, in the particulars enumerated.

An answer was filed, in which the defendant admitted the collision, and that the plaintiff suffered some injuries, and all other allegations in the petition are denied.

It is not alleged in the answer that there was any contributory negligence upon the part of the plaintiff, which contributed to the injuries, or that the collision was caused solely by the negligence of the driver of the east-going car.

Appellant in his brief states that the defendant also claimed that the injuries, if any, sustained by the plaintiff were caused either by the sole negligence of the driver of the car, or by the combined negligence of the plaintiff and the driver, and further says the negligence of the defendant; the sole negligence of the driver of the Tipple car; contributory negligence of the plaintiff, and the extent of the injuries were hotly disputed.

We have read the record in this case, and are of the opinion that [redacted] the verdict of the jury was sustained by the evidence.

The testimony of Edward Saxton, the defendant, and his supporting witnesses, was very indefinite as to the cause of the collision, while that of Clifford Tipple, the driver of car in which plaintiff was riding, was quite clear.

The collision evidently was caused by the fact that Saxton, driving his car westward, in an attempt to pass a car immediately ahead of him, turned into the path of the east-going Tipple car.

It is true that Saxton says that he did not leave the north lane of the highway, and did not attempt to pass a car going in the same direction, and states that he did not see the east-going Tipple car.

There was a collision, and we think it resulted as above indicated.

There is no evidence, in our judgment, in any way indicating that the plaintiff who was riding in the back seat of the Tipple car, in any way, proximately or remotely, contributed to the collision. The crash came 15 seconds after the Saxton car swerved to the left of its lane of traffic, and there could be no presumption that the plaintiff seated in the back seat could be charged with contributory negligence.

The defendant alleges that the court below erred in the admission and exclusion of evidence, and in the charge of the jury.

We will examine his claims in the order presented by his brief.

The first assignment of error is the admission of the testimony relating to X-ray pictures, claiming that two of [redacted] the doctors of the plaintiff who testified in relation to the X-ray pictures were not shown to have any knowledge or experience in the taking and interpretation of such pictures, and that the pictures concerning which they testified were not identified as those of the plaintiff.

The depositions of these doctors were taken before a notary and counsel for both sides were present at that time. No objections were made at the time of their testimony before the notary, as to their lack of qualification, and the court, held, when the question was read at the time the depositions were offered, that it was the duty of counsel to make the objections upon the taking of the depositions, so that opposite counsel might then have shown their qualifications.

We are of the opinion that the court below was correct in this ruling.

Counsel for defendant can not at the trial where depositions of experts are introduced, object to lack of qualifications, when he failed to make such objections when the testimony was being taken.

It is also objected that the X-ray pictures, concerning which two doctors testified, were not properly identified. We think counsel is mistaken in this, as each deposition makes reference to them as being X-rays of the plaintiff, and they were further identified as appellee's on page 34 of the record.

Complaint is also made that certain witnesses were called by plaintiff to testify as to the effect of her alleged [redacted] injuries, and were permitted to express opinions as to the inability of the plaintiff to perform certain acts.

At the trial certain objections were interposed to the testimony of these witnesses taken by deposition, and the court

sustained a number of these objections, and excluded testimony.

The ruling of the court on these matters will be found on pages 89-96 of the record.

Counsel cites a number of cases which he claims support his objection to the testimony of these witnesses.

We do not believe that the cases cited or other cases upon the same point support the position of counsel, but rather support the court in admitting the testimony.

In the case of **Railroad Co. v Schultz, 43 Oh St 270,** at page 283, it is said:

"The witnesses should have been restricted in their testimony to the facts, and the jury left free to form an opinion upon them, uninfluenced by the mere opinions of witnesses. * * * Where the facts concerning their condition can not be made palpable to the jurors so that their means of forming opinions are practically equal to those of the witnesses, opinions of such witnesses may be received, accompanied by such facts supporting them as they may be able to place intelligently before the jury."

In the case of **Village of Shelby v Claggett, 46 Oh St 549,** it is held:

"A non-professional witness who has had opportunities to observe a sick or injured person, may give in evidence his opinion of the condition of such person, in respect of his being weak and helpless or not, and of the degree of suffering which he endured, provided such opinion is founded on his own observation of the person to whom his evidence relates, and is limited to the time that the person was under the observation of the witness."

The statement of Bradbury, J., delivering the opinion of the court on page 552, is quite pertinent.

We feel that the testimony offered by the witnesses is well within the rule there laid down.

In the case of **Traction Co. v Hanson, 16 C.C. (N.S.) 296,** it is held that:

"In a personal injury damage case, it is not proper to permit a daughter of the plaintiff to testify that her mother was unable to work after she was injured because she was nervous and her back hurt her."

The court says:

"It was perfectly competent for this witness to say that since the accident her mother had done no ironing * * * but she should not have been permitted to give her opinion as to why her mother didn't do this work. It was also competent for the daughter to testify as to her mother's apparent physical condition and ability to work, but to permit her to give her opinion that her mother couldn't work because she was too nervous, was clearly error."

We feel that the ruling of the trial court in excluding part of the evidence offered by way of depositions, purged the depositions of any objectionable testimony contained in the deposition.

We, therefore, hold that the admission of these depositions as granted by the court was not error.

ALLEGED ERRORS IN CHARGE OF COURT

Complaint is made of the following paragraph in the general charge of the court, appearing on page 168 of the record:

"The burden of proof is upon the plaintiff, that is, she makes the claim, the burden of proof is upon her to establish the material allegations of her petition, that is, the essential elements of her claim, by a preponderance or greater weight of the evidence. The law puts upon him or her who makes a claim the duty of establishing that claim by the preponderance or greater weight of the evidence."

It is asserted by counsel that:

"This charge, in view of the claim of the defendant, that the accident was caused by the sole negligence of the driver of the Tipple car, and that the plaintiff herself was guilty of contributory negligence is clearly erroneous. The defendant need not show sole negligence by the greater weight of the evidence."

It is held in the case of **Montanari v Haworth, 108 Oh St 8;** that in an action for damages the answer of the defendant containing an averment that the injuries were caused by the negligence of a third party, "does not state an affirmative defense, and an instruction of the court which places upon the defendant the burden of proving the negligence of such third party, and that such negligence was the proximate cause of plaintiff's injury, is er-

roneous and prejudicial to the defendant."

The court says the ultimate question was not who was negligent or whose negligence caused the injury, but was the defendant negligent in the manner proximately causing the injury?

The averment that the injuries sustained by the plaintiff were caused by the negligence of a third person, would not change the issue, or in any wise change or affect the burden of proof.

"The plaintiff held the affirmative of the proposition throughout the trial of the case, and the burden of proof did not shift."

In the case of **Hanna v Stoll, 112 Oh St 344**, it is held:

"In the submission of an issue, * * *, it is error prejudicial to the defendant to instruct the jury that the 'burden of proof is upon the defendant to prove the negligence of the plaintiff, and to prove that the negligence of the plaintiff was the proximate cause of the collision and the proximate cause of the injuries,' * * *."

Such averments in an answer do not cast the burden of proof upon the defendant.

These principles are well established, and if they were violated by the court in this case it would be prejudicial error, but upon a reading of the charge it is apparent that the court had reference merely to the burden that was upon the plaintiff to prove the negligence of the defendant, and had no reference to any contributory negligence upon the part of the plaintiff, alleged or inferred, or to the fact that the negligence of the driver of the car may have been the sole cause of the accident.

We are of the opinion that this charge of the court was not erroneous.

Defendant has asserted that the court erred in other matters set out in this brief, his chief complaint being that the court did not charge, as it should, on the subject of contributory negligence of the plaintiff.

It will probably be conceded by counsel that the court is not required, and should not charge on any subject unless there was some evidence in the case requiring such charge, and if there was no evidence upon the subject, no complaint could be lodged against the charge, or to any omission to charge, in reference to matters upon which there was no evidence.

**Traction Company v Forrest, 73 Oh St 1.**

We have searched the record to find any evidence reflecting upon the action of the defendant, which could have contributed to the collision.

It is true that there is an obligation upon the plaintiff under certain circumstances, the failure to meet which might be contributory negligence, and if such negligence is the proximate cause or contributed to the injury, a recovery would be barred.

The court, in the case of **Light Company v Mayers, 93 Oh St 304**, says, on pages 310 and 311, in substance, that the plaintiff can not be excused from using due care for his own safety by showing that he relied upon a stranger to do it for him. He must still exercise ordinary care to discover dangers and avoid injury, and can not recover damages for an injury to which he directly contributed by his own negligence.

While it can not be questioned that the plaintiff in that case, seated as he was beside the driver with apparently equal opportunity to observe impending dangers, and within easy access so as to readily communicate to the driver the result of his observations, was required to use his faculties of sight and hearing to discover dangers, and apprise the driver thereof, as would a person of reasonable and ordinary prudence, under the same or similar circumstances.

The court, in the case at bar, charged that the ordinary care as applied to the conduct of the plaintiff, who was a passenger, is that degree of care that persons of ordinary prudence would use while riding as a passenger in an automobile being driven upon the highway.

The court correctly charged the doctrine of imputed negligence, stating that the negligence of one is not imputed to another, and that the negligence of the driver was not imputable or chargeable to the plaintiff.

The court charged that in addition to the plaintiff establishing that the defendant was guilty of negligence by a preponderance of the evidence, she must establish that the negligence was the direct and proximate cause of her injuries.

Without going into much detail, the court clearly charged as to the burden of proof, what constitutes negligence, and that negligence is not imputed to another. He charged clearly as to direct and proximate cause.

See **Comms. v Bicker, Admr., 98 Oh St 432; Hocking Valley Ry. v Wykle, 122 Oh St 391; Myers, Admr. v Norfolk & Western**

**416**

Ry. Co., 122 Oh St 557; and Weygandt's Ohio Charges, pages 118-124.

In the case of Myers, Admr. v Norfolk & Western Ry. Co., it is stated at page 558:

"That if the plaintiff's proof raises a presumption of negligence upon his part, he is only required to produce evidence sufficient to counterbalance the evidence giving rise to the presumption. If the allegations of his pleading suggest a reasonable inference that the plaintiff himself was negligent or at fault it then becomes necessary for him in his pleading to negative such inference; otherwise not."

It is further stated in said case that the only allegation in the pleading giving rise to the claim of presumptive negligence upon the part of the plaintiff is the averment that the plaintiff had been accustomed to riding on the conveyance; but there is no allegation that he was accustomed to riding over this particular crossing, and no allegation of peculiar circumstances casting a duty upon the plaintiff of warning the driver, or that plaintiff possessed any knowledge of a peril which was imminent.

The court says:

"We are of opinion that the plaintiff's third amended petition contains no allegations from which contributory negligence could be reasonably inferred."

The question arose when the trial court sustained the demurrer to the third amended petition, which judgment was sustained by the Court of Appeals, for the reason that the pleading contained no reference of negligence upon the part of the decedent, which should have been negative. The Supreme Court reversed the lower courts.

The allegations or presumption in the instant case are far less subject to the inference of negligence than in the case cited, and the same may be said in reference to the evidence submitted.

It is true that:

"Where a court states a correct rule, and in another portion of the charge states an incorrect rule, upon the same subject, and nothing further is stated to indicate to the jury which rule is to be followed, and there is nothing in the verdict to in-

dicate the rule which was followed, no presumption arises that they have followed a correct rule, and the error will, therefore, be deemed to be prejudicial."

Comm. v Ripke, 129 Oh St 649.

The weakness of the defendant's position is that he has not pointed out any charge of the court that falls within the rule just stated. His position seems to be based upon the claim that the court erred in its failure to charge upon the question of contributory negligence; but neither the answer nor the evidence discloses any contributory negligence, requiring the court to charge.

"It is prejudicial and reversible error for a court to place a condition upon a party's right to recover which the law itself does not impose."

Ind. Comm. v Ripke, 129 Oh St 649.

Counsel criticizes the court in having charged the statutory law on speed and headlights, especially as to the charge of the court on the assured clear distance — §12603, GC.

There was testimony to the effect that the east-going car had only one headlight, that made the charge as to statutory provisions on this question pertinent.

The petition alleges the driving at excessive speed, and on the wrong side of the road, which made the charge in reference to speed and position of the car upon the road, pertinent.

The charge as to assured clear distance might properly refer to either or both of the cars.

Counsel also criticizes the court in permitting experts of the defendant to testify in rebuttal as to plaintiff's X-ray pictures.

We are of the opinion that such a matter was entirely within the discretion of the trial court, and was not error.

On the whole view of the case, we find no prejudicial error in the charge of the court, or in his conduct of the case.

Appeal dismissed; case remanded.

BARNES, PJ, and HORNBECK, J, concur.